UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| In re:<br><br>DONNA M. DiMARE,<br><br>                Debtor. | Chapter 13<br>Case No. 06-14772-JNF |
| DONNA M. DiMARE,<br><br>                Plaintiff,<br><br>v.<br><br>REALTYTRAC, INC,<br><br>                Defendant. | Adversary Proceeding No. 07-01352 |

## ANSWER

The Defendant, RealtyTrac, Inc. ("RealtyTrac"), by and through its undersigned counsel, hereby responds to the Complaint of the Plaintiff, Donna M. DiMare ("DiMare" or the "Debtor"), in accordance with her numbered paragraphs as follows:

I.    INTRODUCTION

    1.    The assertions set forth in this paragraph of the Complaint are characterizations of this action to which no answer is required. To the extent a response is deemed necessary, RealtyTrac denies any allegations of wrongdoing by, or liability to, DiMare.

II.    PARTIES

    2.    RealtyTrac is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

1095036v1

3. RealtyTrac is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint.

4. Admitted.

III. JURISDICTION AND VENUE

5. Denied to the extent that 11 U.S.C. §1343 is not a valid section of the United States Code and does not bear on the jurisdiction of this Court. In further answer hereof, RealtyTrac does not consent to the entry of a final order or judgment by this Court and, in conjunction with its Answer, has moved to withdraw the reference under 11 U.S.C. §157(d).

6. The assertions set forth in this paragraph of the Complaint are conclusions of law and not averments of facts as to which an admission or denial is required. To the extent an answer is required to this paragraph, it is denied.

7. The assertions set forth in this paragraph of the Complaint are conclusions of law and not averments of facts as to which an admission or denial is required. To the extent an answer is required to this paragraph, it is denied.

8. The assertions set forth in this paragraph of the Complaint are conclusions of law and not averments of facts as to which an admission or denial is required. To the extent an answer is required to this paragraph, it is denied.

IV. STATEMENT OF FACTS

9. RealtyTrac is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint, and demanding strict proof, thus denies the same.

10. RealtyTrac is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint, and demanding strict proof, thus denies the same.

11. RealtyTrac is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint, and demanding strict proof, thus denies the same.

12. RealtyTrac is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint, and demanding strict proof, thus denies the same.

13. RealtyTrac is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint, and demanding strict proof, thus denies the same. Further responding, to the extent this paragraph purports to characterize terms of documents, the documents speak for themselves.

14. RealtyTrac is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint, and demanding strict proof, thus denies the same. Further responding, the internet site referenced speaks for itself.

15. RealtyTrac is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint, and demanding strict proof, thus denies the same. Further responding, the internet site referenced speaks for itself.

16. RealtyTrac is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint, and

1095036v1

demanding strict proof, thus denies the same. Further responding, the internet site and documents referenced speak for themselves.

17. RealtyTrac is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint, and demanding strict proof, thus denies the same. Further responding, the internet site referenced speaks for itself.

18. RealtyTrac is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint, and demanding strict proof, thus denies the same. Further responding, the internet site referenced speaks for itself.

19. RealtyTrac is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint, and demanding strict proof, thus denies the same. Further responding, the internet site referenced speaks for itself. However, to the extent an answer is required to this paragraph, it is denied.

20. Denied.

21. RealtyTrac is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint, and demanding strict proof, thus denies the same. Further responding, the internet site referenced speaks for itself.

22. RealtyTrac is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint, and demanding strict proof, thus denies the same. Further responding, the internet site referenced speaks for itself.

1095036v1

23. Denied.

24. Denied.

COUNT I
Infliction of Emotional Distress

25. RealtyTrac hereby realleges and incorporates by reference its responses to paragraphs 1-24 above.

26. RealtyTrac is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint, and demanding strict proof, thus denies the same.

27. RealtyTrac is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint, and demanding strict proof, thus denies the same.

28. Denied.

29. Denied.

COUNT II    Negligence

30. RealtyTrac hereby realleges and incorporates by reference its responses to paragraphs 1-29 above.

31. The assertions set forth in this paragraph of the Complaint are conclusions of law and not averments of facts as to which an admission or denial is required. To the extent an answer is required to this paragraph, it is denied.

32. The assertions set forth in this paragraph of the Complaint are conclusions of law and not averments of facts as to which an admission or denial is required. To the extent an answer is required to this paragraph, it is denied.

5

33. The assertions set forth in this paragraph of the Complaint are conclusions of law and not averments of facts as to which an admission or denial is required. To the extent an answer is required to this paragraph, it is denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

COUNT III    Injunction

38. RealtyTrac hereby realleges and incorporates by reference its responses to paragraphs 1-37 above.

39. As the allegations set forth in this paragraph of the Complaint are non-sensical (as there has been allegation of a violation of any stay of this Court), and as DiMare does not have standing to seek the relief requested, no answer required. To the extent an answer is required to this paragraph, it is denied.

40. Denied.

PRAYERS FOR RELIEF

41. RealtyTrac hereby realleges and incorporates by reference its responses to paragraphs 1-40 above.

42. (a. – f.) No answer required.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

6

1095036v1

By way of affirmative defense, the defendant says that the plaintiff, by its conduct and actions and/or the conduct and actions of its agents and servants, is estopped to recover any judgment against the defendant.

### Third Affirmative Defense

By way of affirmative defense, the defendant says that the plaintiff has, by its actions and/or by the conduct and actions of its agents and servants, waived any and all rights it may have had against the defendant, and, therefore, the plaintiff cannot recover in this action.

### Fourth Affirmative Defense

By way of affirmative defense, the defendant says that if the plaintiff suffered injuries or damages, as alleged, such injuries or damages were caused by someone for whose conduct the defendant was not and is not legally responsible.

### Fifth Affirmative Defense

By way of affirmative defense, the defendant states that if the plaintiff was injured, it was as a result of the plaintiff's breach of the plaintiff's duty to exercise a high degree of care to protect and insure the plaintiff's own safety.

### Sixth Affirmative Defense

By way of affirmative defense, the defendant says that no act or omission by him was a proximate cause of damages, if any, allegedly sustained by the plaintiff's decedent or plaintiff.

### Seventh Affirmative Defense

By way of affirmative defense, the defendant states that the defendant was privileged in the defendant's conduct and acts and that therefore the plaintiff cannot recover.

### Eighth Affirmative Defense

By way of affirmative defense, the defendant says that the action filed by the plaintiff is frivolous, wholly unsubstantial and not advanced in good faith and, therefore, is in contravention of M.G.L. c. 231, §6F and defendant is entitled to recovery of all costs, expenses and attorney's fees associated with the defense of this action.

### Ninth Affirmative Defense

By way of affirmative defense, the defendant says that its conduct is protected by the First Amendment to the U.S. Constitution.

### Tenth Affirmative Defense

By way of affirmative defense, the defendant says that its conduct is protected by the Commerce Clause to the U.S. Constitution.

1095036v1

### Eleventh Affirmative Defense

By way of affirmative defense, the defendant says that its conduct is permitted by the regulations set forth by the Federal Communications Commission.

**WHEREFORE**, the Defendant, RealtyTrac, Inc., requests that the Plaintiff's Complaint be dismissed; that it be granted its reasonable attorneys' fees and costs for having to defend this action; and, that this Court grant such other and further relief as it deems appropriate.

                                            **REALTYTRAC, INC.**,

                                            By its attorneys,

Dated: November 19, 2007          /s/ *mhayden*
                                            Steven J. Bolotin (BBO#564085)
                                            Michael H. Hayden (BBO#660746)
                                            MORRISON MAHONEY LLP
                                            250 Summer Street
                                            Boston, MA 02210
                                            Tel: (617) 737-8878
                                            Fax: (617) 342-4943
                                            sbolotin@morrisonmahoney.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

|  |  |
|---|---|
| In re:<br><br>DONNA M. DiMARE,<br><br>Debtor. | Chapter 13<br>Case No. 06-14772-JNF |
| DONNA M. DiMARE,<br><br>Plaintiff,<br><br>v.<br><br>REALTYTRAC, INC,<br><br>Defendant. | Adversary Proceeding No. 07-01352 |

## CERTIFICATE OF SERVICE

The undersigned understands that the following counsel of record are registered on the Court's CM/ECF database. As a result, this individual (1) will receive from the Court electronic notification of the filing of the <u>Answer</u>, filed via ECF on November 19, 2007; (2) has access to this document through the Court's website; and (3) will not receive paper copies of the foregoing from the undersigned upon filing.

David Baker
105 Union Wharf
Boston, MA  02109
617-340-3680

/s/ *Steven J. Bolotin*
Steven J. Bolotin

9

1095036v1